# EXHIBIT

# A

Eighteenth Judicial Circuit Co
DuPage County
ENVELOPE: 34712169
2025LA001253
FILEDATE: 10/2/2025 9:30 AM
Date Submitted: 10/2/2025 9:30 AM
Date Accepted: 10/2/2025 10:40 AM

# IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## DUPAGE COUNTY, ILLINOIS

|  |  |  |
|---|---|---|
| DANIELLE DESECKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  **2025LA001253** |
| | ) | |
| JAHAAN, INC. d/b/c Denny's Restaurant, | ) | |
| | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT AT LAW

Plaintiff, DANIELLE DESECKI, by her attorneys, JSL Law, LLC, for her Verified Complaint at Law against Defendant, Jahaan, Inc. d/b/a Denny's Restaurant, states as follows:

## INTRODUCTION

1.　　Plaintiff, DANIELLE DESECKI, ("Desecki"), brings this action against her former employer, Jahaan, Inc. d/b/a Denny's Restaurant, to seek redress for Defendant's various violations of Illinois and Federal[1] law, including actions for sexual harassment, disability discrimination, and retaliation under the Illinois Human Rights Act, the Americans with Disabilities Act, and Title VII of the Civil Rights Act of 1964. As a result of Defendant's unlawful actions, Desecki has suffered substantial and irreparable damages.

## PARTIES, JURISDICTION, AND VENUE

2.　　Plaintiff, Desecki, is a female individual, who was previously employed by Defendant. Desecki's permanent residence is in Lisle, DuPage County, Illinois.

---

[1] Plaintiff, Danielle Desecki, filed her Charge of Discrimination on May 19, 2025, in the Illinois Department of Human Rights and the Equal Employment Opportunity Commission. Plaintiff requested a Notice of Right to Sue from the Equal Employment Opportunity Commission on July 17, 2025, and to date, has not yet received her Notice of Right to Sue to proceed on her associated federal claims. Plaintiff intends to amend her Verified Complaint to include her associated federal claims upon receipt of the Notice of Right to Sue.

3.      Defendant, Jahaan, Inc. d/b/a Denny's Restaurant, is an Illinois corporation, with its principal place of business in Willowbrook, DuPage County, Illinois.

4.      This Court has personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because Defendant is headquartered and does business in Illinois, and Defendant's alleged misconduct took place in Illinois.

5.      Venue is proper in this Court under 735 ILCS 5/2-101 because the transactions, or some part thereof giving rise to this lawsuit, took place in DuPage County, Illinois.

## COUNT I – VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT – SEXUAL HARASSMENT, 775 ILCS 5/2-102(D)

6.      Desecki incorporates Paragraphs 1 through 5 above as Paragraph 6 of Count I, as if fully stated herein verbatim.

7.      Plaintiff, Desecki, was employed by Defendant from May 7, 2024, until November 1, 2024.

8.      Desecki last held the position of Server, reporting to Juan Serna, Restaurant Manager, and Gabrielle Prochaska, Shift Supervisor.

9.      At all times, Desecki was an "employee" of Defendant as defined by the Illinois Human Rights Act, 775 ILCS 5/2-101(A).

10.     At all times, Defendant employed in excess of fifteen employees within Illinois during twenty or more calendar weeks during the calendar year 2024, and is an "employer" as that term is defined by the Illinois Human Rights Act, 775 ILCS 5/2-101(B).

11.     As a woman, Desecki is a protected person under the Illinois Human Rights Act and is entitled to be free from unlawful sexual harassment in the workplace. 775 ILCS 5/2-102(D).

12.     Desecki, at all times, consistently met and exceeded Defendant's legitimate performance expectations.

2

13.     During Plaintiff's employment, Defendant maintained a policy within its employment handbook, last updated March 2015, which provided, as follows:

    a.  "The Company is committed to providing a workplace which is free from all verbal, physical, and visual forms of harassment so that everyone can work in a productive, respectful, and professional environment."

    b.  "The Company is committed to taking reasonable steps to prevent harassment from occurring and will take immediate and appropriate action when we have determined that harassment has occurred."

    c.  "Any supervisor who is notified of a complaint of harassment, or observes, or is notified of a possible violation of his [sic] policy must: Report the incident to the Human Resources Department ad your immediate supervisor…The supervisor must also take appropriate steps to protect the employee from continued harassment or retaliation."

14.     Plaintiff, at all times during her employment with Defendant, adhered to each of Defendant's policies.

15.     At no time during Plaintiff's employment with Defendant did Defendant ever provide any sexual harassment training to its employees as required by law under the Illinois Human Rights Act.

16.     During her employment with Defendant, Plaintiff worked the night-shift from 10:00 p.m. to 6:00 a.m. and was the only Server on staff during the shift.

17.     During the night-shift, Defendant staffed the restaurant with one other individual, a Cook named Caesar.

3

18.     There were no managers on duty during the night-shifts, and at all times relevant, Plaintiff worked by herself alongside Caesar.

19.     On multiple occasions during her shifts, Plaintiff was repeatedly subjected to unwanted and unlawful sexual harassment by Caesar. Such instances include, but are not limited to the following examples:

    a.  Caesar, without prompting or invitation, repeatedly sent Plaintiff sexually explicit text messages, which included photographs of his genitals. The texts included the following statements:

        i.  Caesar – "So, I do want to fuck you!!! I think your ass i [sic] amazing." Plaintiff gave no response.

        ii. Caesar – "I want to suck on your asshole and eat your pussy." Plaintiff stated that she was not interested.

    b.  Caesar also made comments to Plaintiff during working hours wherein he asked her why she did not like him. He questioned her as to whether it was because of his teeth. Plaintiff refused to engage in the conversation.

    c.  Caesar also repeatedly commented on Plaintiff's appearance, stating on one occasion, "I see you are wearing make-up for me, you little whore."

20.     At all times, Caesar's sexual harassment of Plaintiff was unwanted by her and left her severely distressed and exacerbated her disabling conditions of autism, depression, and anxiety.

21.     Due to her distress, Plaintiff reported Caesar's unlawful conduct to her supervisors, Gabrielle Prochaska, and Juan Serna. At no time did her supervisors take any action to investigate, address, or remediate Plaintiff's concerns. As a result, the sexual harassment continued, even after

Plaintiff's employment ended with Defendant, with Caesar continuing to text Plaintiff sexually explicit messages soliciting her to engage in sexual acts with him, which she refused.

22.     At all times, the sexual harassment that Plaintiff was subjected to was severe and pervasive and had the purpose or effect of substantially interfering with Plaintiff's work performance and created a hostile, intimidating, and offensive working environment.

23.     Defendant's failure to take any corrective measures in response to Plaintiff's complaints of sexual harassment caused Plaintiff significant damages, both financially and psychologically.

24.     Desecki has exhausted all of her administrative requirements under the Illinois Human Rights Act by timely filing a Charge of Discrimination with the Illinois Department of Human Rights on May 19, 2025 (Charge No. 2025CF1919) and receiving a Notice of Opt-Out, giving her the right to sue in court on July 9, 2025, and filing this action within 90 days of the date of the Notice of Opt-Out. A copy of Desecki's Charge of Discrimination is attached as Exhibit A. A copy of Desecki's Notice of Opt-Out is attached as Exhibit B.

WHEREFORE, Plaintiff, DANIELLE DESECKI, seeks all rights and remedies available pursuant to 775 ILCS 5/8A-04, which includes the following:

A. A cease-and-desist order prohibiting Defendant from further violations of the Illinois Human Rights Act;

B. Actual damages for injury and loss suffered by Plaintiff;

C. Lost wages and other monetary damages as authorized by statute;

D. Plaintiff's reasonable attorneys' fees and costs;

E. Other make-whole relief requiring Defendant to take such other action as may be necessary to make Plaintiff whole, including recovery for her emotional suffering, and further

including, but not limited to, awards of interest on Plaintiff's actual damages and such other legal and equitable relief that this Court deems just.

## COUNT II – VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT – "PERCEIVED OR REGARDED AS" DISABILITY DISCRIMINATION

25.     Desecki incorporates Paragraphs 1 through 24 above as Paragraph 25 of Count II, as if fully stated herein verbatim.

26.     At all times, Defendant perceived or regarded Plaintiff as having a mental disability.

27.     Defendant perceived that Plaintiff was "unstable." For example, on November 1, 2024, Defendant's Human Resources team, which included Ken Adams, Jerome Seidner, Anthony Robinson, and Lindsey Baska, discussed that they perceived Plaintiff as being "unstable both outside work and then internal as well." Their email communications further discuss that Plaintiff was "the server that disappeared the one night after the manager left and the Cook was the only one left. She claims she tried to call every manager but had a mental breakdown." The email goes on further to state that "she has some real issues mentally."

28.     Without taking any steps to address Plaintiff's reports of sexual harassment and her increasing emotional distress as a result thereof, Defendant took adverse actions against Plaintiff by initially reducing her work hours and subsequently terminating her on November 1, 2024. Defendant's unlawful actions were taken based on their unlawful perception that Plaintiff was mentally unstable and unable to do her job.

29.     Defendant's unlawful discrimination based on its perception that Plaintiff suffered from a disabling condition caused Plaintiff significant damages, both financially and psychologically.

6

WHEREFORE, Plaintiff, DANIELLE DESECKI, seeks all rights and remedies available pursuant to 775 ILCS 5/8A-04, which includes the following:

A. A cease-and-desist order prohibiting Defendant from further violations of the Illinois Human Rights Act;

B. Actual damages for injury and loss suffered by Plaintiff;

C. Lost wages and other monetary damages as authorized by statute;

D. Plaintiff's reasonable attorneys' fees and costs;

E. Other make-whole relief requiring Defendant to take such other action as may be necessary to make Plaintiff whole, including recovery for her emotional suffering, and further including, but not limited to, awards of interest on Plaintiff's actual damages and such other legal and equitable relief that this Court deems just.

## COUNT III – VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT – DISPARATE TREATMENT DISABILITY DISCRIMINATION

30.     Desecki incorporates Paragraphs 1 through 29 above as Paragraph 30 of Count III, as if fully stated herein verbatim.

31.     Plaintiff suffers from and has been diagnosed with the conditions of autism, depression and anxiety. Plaintiff's conditions significantly impair her major life activities, and she is a protected person with a disability under the Illinois Human Rights Act.

32.     Notwithstanding her disabling conditions, Plaintiff was, at all times, able to perform the essential duties and responsibilities of her position as a Server at Defendant with or without a reasonable accommodation.

33.     At all times, Plaintiff met Defendant's legitimate performance expectations.

34.     During her employment, Plaintiff repeatedly informed various members of Defendant's management team, including her direct supervisors, that she suffered from depression and anxiety.

35.     Due to the nature of her autism, Defendant also had constructive notice that Plaintiff suffered from additional disabling conditions.

36.     As a result of the un-remediated sexual harassment Plaintiff was made to endure, Plaintiff's conditions became increasingly exacerbated.

37.     Defendant took adverse actions against Plaintiff based on her disability by initially reducing her work hours and subsequently terminating her on November 1, 2024.

38.     Defendant treats similarly-situated non-disabled employees far better than it treated Plaintiff, and does not take adverse actions against non-disabled employees under the same or similar circumstances to which Plaintiff was made to endure.

39.     Defendant's unlawful disability discrimination caused Plaintiff significant damages, both financially and psychologically.

WHEREFORE, Plaintiff, DANIELLE DESECKI, seeks all rights and remedies available pursuant to 775 ILCS 5/8A-04, which includes the following:

A.  A cease-and-desist order prohibiting Defendant from further violations of the Illinois Human Rights Act;

B.  Actual damages for injury and loss suffered by Plaintiff;

C.  Lost wages and other monetary damages as authorized by statute;

D.  Plaintiff's reasonable attorneys' fees and costs;

E.  Other make-whole relief requiring Defendant to take such other action as may be necessary to make Plaintiff whole, including recovery for her emotional suffering, and further

8

including, but not limited to, awards of interest on Plaintiff's actual damages and such other legal and equitable relief that this Court deems just.

## COUNT IV – VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT–RETALIATION, 775 ILCS 5/6-101(A)

40.    Desecki incorporates Paragraphs 1 through 39 above as Paragraph 40 of Count IV, as if fully stated herein verbatim.

41.    The Illinois Human Rights Act prohibits employers from taking retaliatory action against an employee who has engaged in protected activity. 775 ILCS 5/6-101(A).

42.    Plaintiff engaged in protected activity by reporting unlawful sexual harassment to her supervisors, Ms. Prochaska and Mr. Serna.

43.    Defendant terminated Plaintiff's employment on November 1, 2024, for false and pretextual reasons.

44.    Defendant took adverse actions against Plaintiff because she engaged in protected activity.

45.    Defendant's unlawful retaliation caused Plaintiff significant damages, both financially and psychologically.

WHEREFORE, Plaintiff, DANIELLE DESECKI, seeks all rights and remedies available pursuant to 775 ILCS 5/8A-04, which includes the following:

A.  A cease-and-desist order prohibiting Defendant from further violations of the Illinois Human Rights Act;

B.  Actual damages for injury and loss suffered by Plaintiff;

C.  Lost wages and other monetary damages as authorized by statute;

D.  Plaintiff's reasonable attorneys' fees and costs;

9

E.  Other make-whole relief requiring Defendant to take such other action as may be necessary to make Plaintiff whole, including recovery for her emotional suffering, and further including, but not limited to, awards of interest on Plaintiff's actual damages and such other legal and equitable relief that this Court deems just.

Date: October 2, 2025

Respectfully submitted,

Johanne S. Alexander
Attorney for Plaintiff, DANIELLE DESECKI

**JURY DEMAND**

Plaintiff, DANIELLE DESECKI, demands a trial by Jury of 12.

Johanne S. Alexander
Attorney for Plaintiff, DANIELLE DESECKI

### AFFIDAVIT OF DAMAGES

Jolianne S. Alexander, attorney for Plaintiff, under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, deposes and states that she is the attorney for Plaintiff in this action and that Plaintiff is seeking monetary damages in excess of $50,000.00.

Jolianne S. Alexander
Attorney for Plaintiff, DANIELLE DESECKI

Jolianne S. Alexander
JSL Law, LLC
P.O. Box 27
Yorkville, Illinois 60560
630-730-8135
jolianne@jslworks.law
Firm ID. 390730
Attorney for Plaintiff, DANIELLE DESECKI

## <u>VERIFICATION</u>

Under penalties of perjury, as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this Verified Complaint at Law are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that she verily believes the same to be true.

_____
DANIELLE DESECKI

Jolianne S. Alexander
JSL Law, LLC
P.O. Box 27
Yorkville, Illinois 60560
630-730-8135
jolianne@jslworks.law
Firm ID. 390730
Attorney for Plaintiff, DANIELLE DESECKI

12

# EXHIBIT A

EEOC Form 5 (10/17)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☒ FEPA<br>☐ EEOC | |

| Illinois Department of Human Rights | | and EEOC |
|---|---|---|

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | Year of Birth |
|---|---|---|
| Danielle Desecki | 773-558-4044 | 05/25/1997 |

| Street Address | City, State and ZIP Code |
|---|---|
| 545 Maple Ave. | Lisle, Illinois 60532 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Jahaan, Inc. d/b/a Denny's Restaurant | 15+ | |

| Street Address | City, State and ZIP Code |
|---|---|
| 7737 Kingery Hwy. | Willowbrook, Illinois 60527 |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 5/7/24 | 11/1/2024 |
| ☒ CONTINUING ACTION | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

See attached, Exhibit A Particulars.

OFFICIAL SEAL
NORA PALOMBELLA
Notary Public, State of Illinois
Commission No. 976089
My Commission Expires
August 03, 2027

| I want this charge filed with both the EEOC and the State or local Agency, If any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 05/15/25 ___Date___   *[signature]*   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

## EXHIBIT A – PARTICULARS

**Count I – Sexual harassment (Title VII/IHRA)**

1.      Complainant, Danielle Desecki, is a female, whose date of birth is May 25, 1997. At all times relevant to the allegations set forth herein, Complainant was 27 years old.

2.      As a woman, Complainant is a protected person under the Illinois Human Rights Act and Title VII of the Civil Rights Act of 1964, and is entitled to be free from unlawful sex discrimination and sexual harassment in the workplace.

3.      Complainant began working as a Server for Respondent, Jahaan, Inc. d/b/a Denny's Restaurant, on May 7, 2024, and performed her duties at Respondent's location in Willowbrook, Illinois – Denny's 8144.

4.      Complainant, at all times, met Respondent's legitimate performance expectations.

5.      At all times, Complainant reported to Juan Serna, Restaurant Manager, and Gabrielle Prochaska, Shift Supervisor.

6.      During Complainant's employment, Respondent maintained a policy within its employment handbook, last updated March 2015, which provided, as follows:

   a.   "The Company is committed to providing a workplace which is free from all verbal, physical, and visual forms of harassment so that everyone can work in a productive, respectful, and professional environment."

   b.   "The Company is committed to taking reasonable steps to prevent harassment from occurring and will take immediate and appropriate action when we have determined that harassment has occurred."

   c.   "Any supervisor who is notified of a complaint of harassment, or observes, or is notified of a possible violation of his [sic] policy must: Report the incident to the

1

Human Resources Department ad your immediate supervisor...The supervisor must also take appropriate steps to protect the employee from continued harassment or retaliation."

7.  Complainant, at all times during her employment with Respondent, adhered to each of Respondent's policies.

8.  At no time during Complainant's employment with Respondent did Respondent ever provide any sexual harassment training to its employees as required by law under the Illinois Human Rights Act.

9.  During her employment with Respondent, Complainant worked the night-shift, from 10:00 p.m. to 6:00 a.m. and was the only Server on staff during the shift.

10.  During the night-shift, Respondent staffed the restaurant with one other individual, a Cook named Caesar.

11.  There were no managers on duty during the night-shifts, and at all times relevant, Complainant worked by herself alongside Caesar.

12.  On multiple occasions during her shifts, Complainant was repeatedly subjected to unwanted and unlawful sexual harassment by Caesar. Such instances include, but are not limited to the following examples:

   a.  Caesar, without prompting or invitation, repeatedly sent Complainant sexually explicit text messages, which included photographs of his genitals. The texts included the following statements:

      i.  Caesar – "So, I do want to fuck you!!! I think your ass i [sic] amazing." Complainant gave no response.

2

   ii. Caesar – "I want to suck on your asshole and eat your pussy." Complainant stated that she was not interested.

 b. Caesar also made comments to Complainant during working hours wherein he asked her why she did not like him. He questioned her as to whether it was because of his teeth. Complainant refused to engage in the conversation.

 c. Caesar also repeatedly commented on Complainant's appearance, stating on one occasion, "I see you are wearing make-up for me, you little whore."

13. At all times, Caesar's sexual harassment of Complainant was unwanted by her and left her severely distressed and exacerbated her disabling conditions of autism, depression, and anxiety.

14. Due to her distress, Complainant reported Caesar's unlawful conduct to her supervisors, Gabrielle Prochaska, and Juan Serna. At no time did her supervisors take any action to investigate, address, or remediate Complainant's concerns. As a result, the sexual harassment continued, even after Complainant's employment ended with Respondent, with Caesar continuing to text Complainant sexually explicit messages soliciting her to engage in sexual acts with him.

15. At all times, the sexual harassment that Complainant was subjected to was severe and pervasive and had the purpose or effect of substantially interfering with Complainant's work performance and created a hostile, intimidating, and offensive working environment.

16. Respondent's failure to take any corrective measures in response to Complainant's complaints of sexual harassment caused Complainant significant damages, both financially and psychologically.

3

17.     As a result, Complainant requests that the Department find that Respondent engaged in unlawful sexual harassment and further award all such legal and equitable relief as available under applicable law.

**Count II – "Perceived or Regarded as" Disability Discrimination (ADA/IHRA)**

18.     Complainant incorporates Paragraphs 1 through 17 of Count I as Paragraph 18 of Count II, as if fully stated herein verbatim.

19.     At all times, Respondent perceived or regarded Complainant as having a mental disability.

20.     Respondent perceived that Complainant was "unstable." For example, on November 1, 2024, Respondent's Human Resources team, which included Ken Adams, Jerome Seidner, Anthony Robinson, and Lindsey Baska, discussed that they perceived Complainant as being "unstable both outside work and then internal as well." Their email communications further discuss that Complainant was "the server that disappeared the one night after the manager left and the Cook was the only one left. She claims she tried to call every manager but had a mental breakdown." The email goes on further to state that "she has some real issues mentally."

21.     Without taking any steps to address Complainant's reports of sexual harassment and her increasing emotional distress as a result thereof, Respondent took adverse actions against Complainant by initially reducing her work hours and subsequently terminating her on November 1, 2024. Respondent's unlawful actions were taken based on their unlawful perception that Complainant was mentally unstable and unable to do her job.

22.     Respondent's unlawful discrimination based on its perception that Complainant suffered from a disabling condition caused Complainant significant damages, both financially and psychologically.

4

23.     As a result, Complainant requests that the Department find that Respondent engaged in unlawful disability discrimination and further award all such legal and equitable relief as available under applicable law.

**Count III – Disability Discrimination (ADA/IHRA)**

24.     Complainant incorporates Paragraphs 1 through 23 of Count II as Paragraph 24 of Count III, as if fully stated herein verbatim.

25.     Complainant suffers from and has been diagnosed with the conditions of autism, depression and anxiety. Complainant's conditions significantly impair her major life activities, and she is a protected person with a disability under the Americans with Disabilities Act and the Illinois Human Rights Act.

26.     Notwithstanding her disabling conditions, Complainant was, at all times, able to perform the essential duties and responsibilities of her position as a Server at Respondent with or without a reasonable accommodation.

27.     At all times, Complainant met Respondent's legitimate performance expectations.

28.     During her employment, Complainant repeatedly informed various members of Respondent's management team, including her direct supervisors, that she suffered from depression and anxiety.

29.     Due to the nature of her autism, Respondent also had constructive notice that Complainant suffered from additional disabling conditions.

30.     As a result of the un-remediated sexual harassment Complainant was made to endure, Complainant's conditions became increasingly exacerbated.

31.     Respondent took adverse actions against Complainant based on her disability by initially reducing her work hours and subsequently terminating her on November 1, 2024.

32.     Respondent's unlawful disability discrimination caused Complainant significant damages, both financially and psychologically.

33.     As a result, Complainant requests that the Department find that Respondent engaged in unlawful disability discrimination and further award all such legal and equitable relief as available under applicable law.

## Count IV – Retaliation (ADA/Title VII/IHRA)

34.     Complainant incorporates Paragraphs 1 through 33 of Count III as Paragraph 34 of Count IV, as if fully stated herein verbatim.

35.     Complainant engaged in protected activity by reporting unlawful sexual harassment to her supervisors, Ms. Prochaska and Mr. Serna.

36.     Respondent terminated Plaintiff's employment on November 1, 2024, for false and pretextual reasons.

37.     Respondent took adverse actions against Complainant because she engaged in protected activity.

38.     Respondent's unlawful retaliation caused Complainant significant damages, both financially and psychologically.

39.     As a result, Complainant requests that the Department find that Respondent engaged in unlawful retaliation and further award all such legal and equitable relief as available under applicable law.

_____
Danielle Desecki

6

# EXHIBIT B

STATE OF ILLINOIS )
                ) ss
COUNTY OF COOK )

CHARGE NO. 2025CF1919

## AFFIDAVIT OF SERVICE

The undersigned served a copy of the attached **NOTICE OF OPT OUT OF THE INVESTIGATIVE AND ADMINISTRATIVE PROCESS, RIGHT TO COMMENCE AN ACTION IN CIRCUIT COURT OR OTHER APPROPRIATE COURT OF COMPETENT JURISDICTION, AND NOTICE OF ADMINISTRATIVE CLOSURE**

on    July 9, 2025   , to each person named below by email or first class mail, addressed as follows:

**For Complainant**

Jolianne S. Alexander
JSL Law, LLC
5 Royal Oaks Ct.
Bristol, IL 60512

**For Respondent**

Chief Executive Officer
Denny's Restaurant
7737 S. Kingery Hwy.
Willowbrook, IL 60527

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that s/he verily believes the same to be true.

_____

## PLEASE NOTE:

The above-signed person is responsible only for <u>mailing</u> these documents. If you wish a review of the findings in this case, you must complete the Request for Review form attached. Department of Human Rights' staff are not permitted to discuss the investigation findings once a Notice of Determination has been issued.

**STATE OF ILLINOIS**
**DEPARTMENT OF HUMAN RIGHTS**

IN THE MATTER OF:
DANIELLE DESECKI,                                    )
                                                     )
                                                     )
                          COMPLAINANT,               )          CHARGE NO.      2025CF1919
AND                                                  )          EEOC NO.   21BA-2025-00900
                                                     )
JAHAAN INC. D/B/A DENNY'S RESTAURANT,                )
                                                     )
                                                     )
                                                     )
                                                     )
                          RESPONDENT.                )

<u>**NOTICE OF OPT OUT OF THE INVESTIGATIVE AND ADMINISTRATIVE PROCESS, RIGHT TO COMMENCE AN ACTION IN CIRCUIT COURT OR OTHER APPROPRIATE COURT OF COMPETENT JURISDICTION, AND NOTICE OF ADMINISTRATIVE CLOSURE**</u>

| For Complainant | For Respondent |
|---|---|
| Jolianne S. Alexander | Chief Executive Officer |
| JSL Law, LLC | Denny's Restaurant |
| 5 Royal Oaks Ct. | 7737 S. Kingery Hwy. |
| Bristol, IL 60512 | Willowbrook, IL 60527 |

DISMISSAL / NOTICE DATE: July 9, 2025

Date Perfected Charge Filed: May 19, 2025          Date Opt Out Request Filed: June 20, 2025

YOU ARE HEREBY NOTIFIED that pursuant to Section 7A-102(C-1) of the Illinois Human Rights Act (775 ILCS 5/7A-102(C-1)), Complainant having filed a written request to opt out of the Illinois Department of Human Rights' investigation and administrative processing of the above-captioned charge, the IDHR issues this Notice of Opt Out of the Investigative and Administrative Process, and the Right of Complainant to Commence an Action in the Circuit Court or other appropriate court of competent jurisdiction within 90 days from the date of this Notice and Order, as identified above.

- Complaint filed and serve a copy of the complaint to the Department and Respondent on the same date that the complaint is filed with the circuit court or other appropriate court of competent jurisdiction.
- Complainant may not file or refile a substantially similar charge with the Department arising from the same incident of unlawful discrimination or harassment.

NOW, THEREFORE, it is further hereby ORDERED that the Department cease the investigation and **ADMINISTRATIVELY CLOSE** the charge of civil rights violation(s).

DEPARTMENT OF HUMAN RIGHTS
James L. Bennett
Director

AFFIDAVIT OF DAMAGES

2348 (Rev.12/20)

**STATE OF ILLINOIS**

**UNITED STATES OF AMERICA**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

**COUNTY OF DU PAGE**

DANIELLE DESECKI

vs.

JAHAAN, INC. d/b/c Denny's
Restaurant

**2025LA001253**

_____

**CASE NUMBER**

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 34712169
2025LA001253
FILEDATE: 10/2/2025 9:30 AM
Date Submitted: 10/2/2025 9:30 AM
Date Accepted: 10/2/2025 10:40 AM
MG

File Stamp Here

# AFFIDAVIT OF DAMAGES

## SUPREME COURT RULE 222

The undersigned being first duly sworn upon oath, deposes and states that he / she is a party to the above entitled cause of action seeking money damages or collection of taxes and states that this cause of action

☐ does **not** exceed $50,000.00          ☒ **does** exceed $50,000.00

_____
Signature

_____
10/02/2025
Date

Name: Jolianne S. Alexander
_____

DuPage Attorney Number: **390730**     ☐ Pro Se

Attorney for: **Plaintiff**

Address: **P.O. Box 27**

City/State/Zip: **Yorkville, Illinois 60560**

Telephone Number: **630-730-8135**

Email:     jolianne@jslworks.law

Sworn and Subscribed before me

_____
Date

_____
Notary Public / Circuit Court Clerk

**CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©**
**WHEATON, ILLINOIS 60187-0707**

DEMAND FOR A JURY TRIAL                                                      2123 (Rev. 1/23)

| STATE OF ILLINOIS | UNITED STATES OF AMERICA | COUNTY OF DU PAGE |
|---|---|---|
| | IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | |

DANIELLE DESECKI

**2025LA001253**

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 34712169
2025LA001253
FILEDATE: 10/2/2025 9:30 AM
Date Submitted: 10/2/2025 9:30 AM
Date Accepted: 10/2/2025 10:40 AM
MG

PLAINTIFF / PETITIONER

vs

**CASE NUMBER**

JAHAAN, INC. d/b/c Denny's Restaurant

DEFENDANT / RESPONDENT

File Stamp Here

## JURY DEMAND

TO: **CANDICE ADAMS,** Clerk of the Eighteenth Judicial Circuit Court

The ☒ Plaintiff/Petitioner       in the above entitled cause demands a jury for the trial of said cause.
☐ Defendant/Respondent

This matter should be tried by a    ☐ jury of six
☒ jury of twelve

Danielle Desecki
Printed Name(s) of Parties Demanding Jury

_Jolianne Hargrove_
Signature of Attorney/Pro Se

Name:   Jolianne S. Alexander          ☐ Pro Se
DuPage Attorney Number: **390730**
Attorney for:   **Plaintiff**
Address:  **P.O. Box 27**
City/State/Zip:  **Yorkville, Illinois 60560**
Telephone Number:  **630-730-8135**
Email:   jolianne@jslworks.law

**CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT**
**WHEATON, ILLINOIS 60187-0707**

APPEARANCE - CIVIL          2139 (Rev. 12/20)

**UNITED STATES OF AMERICA**

| STATE OF ILLINOIS | | COUNTY OF DU PAGE |
|---|---|---|

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

**DANIELLE DESECKI**

vs

**JAHAAN, INC. d/b/c Denny's
Restaurant**

**2025LA001253**
_____

**CASE NUMBER**

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 34712169
2025LA001253
FILEDATE: 10/2/2025 9:30 AM
Date Submitted: 10/2/2025 9:30 AM
Date Accepted: 10/2/2025 10:40 AM
MG

File Stamp Here

## APPEARANCE

I hereby enter the appearance of

**Plaintiff, Danielle Desecki**
_____

**(Insert the name of the party for whom you are entering the appearance)**

and my own as:

☐ Additional Counsel          ☐ Respondent in Discovery

☐ Appellate Counsel          ☐ Special & Limited Appearance

☐ Court Appointed Counsel      ☐ Substitute Counsel

☐ Guardian Ad Litem          ☐ Trial Counsel

☒ Regular Counsel           ☐ _____

in the above titled cause.

Name: **Jolianne S. Alexander**      ☐ Pro Se

DuPage Attorney Number: **390730**

Attorney for: **Plaintiff**

Address: **P.O. Box 27**

City/State/Zip: **Yorkville, Illinois 60560**

Telephone Number: **630-730-8135**

Email: **jolianne@jslworks.law**

_Jolianne Alexander_
Signature of Attorney filing Appearance

Jolianne S. Alexander
_____
Printed Name

**CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60187-0707**